BOARDMAN, Judge.
On May 20, 1916, South Florida Farms, Inc. subdivided certain lánd which now lies within the present boundaries of Glades County. The original recorded subdivision plat (which was entered into evidence) reserved a 40-foot right of way consisting of a roadway and ditch which is the subject matter of this appeal. There was no formal dedication of this recorded right of way.
Plaintiffs/appellees and defendants/appellants are owners of tracts of land which lie contiguous and adjacent to this right of way. Appellees instituted the action seeking a declaration that the platted roadway and ditch had become a public right of way through usage even though never formally accepted. Appellants answered on the ground that the right of way had never been accepted by the sovereignty or through public use. These contentions were the sole issues tried before the trial court and are now before us for review.
After hearing, the trial court entered its order finding a public acceptance of the right of way through public use and that appellants failed to show sufficient adverse use which would defeat public interest. In addition, the court ordered appellants to remove any growing crops and/or personal property which is located on the 40-foot strip in issue.
We have reviewed the record, read the briefs of the respective parties and heard oral argument. We hold that the trial court’s order of October 24, 1974, should be affirmed. Based upon the evidence in the record before us, we conclude that the trial court was eminently correct in holding the disputed strip to constitute a public right of way.
At oral argument it was requested by appellants’ counsel that the pump and/or other personal property of appellants be permitted to remain on the right of way until such time as they actually impair the public use. The appellants’ request may indeed have merit. Inasmuch, however, as it appears from the record that this question was not decided by the trial court, we cannot here determine whether the appellants’ pump and/or per *181 sonal property located in the right of way constitutes an impairment of the public use of the right of way. We affirm the judgment of the trial court, but remand the cause for a determination by the trial court as to whether the continued maintenance by appellants of the personal property is incompatible with the right of the public to use the right of way. If, after hearing, the trial court, sitting as a court of equity, determines to allow the appellant to continue to maintain personal property on the right of way, such approval shall be subject to be discontinued at any future time upon a finding by the trial court that such use is an impairment or hinderance to the public right of use of the right of way.
The trial court shall retain jurisdiction of the parties and the subject matter of the instant case for the purposes hereinabove expressed. Accordingly, we affirm the final judgment of the trial court, but remand for further proceedings consistent with this opinion.
Affirmed and remanded.
McNULTY, C. J. and SCHEB, J., concur.